**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

JANY W.G.C.,

                            Petitioner,

v.

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

TODD BLANCHE, *U.S. Attorney General*;[1]

RYAN SHEA, *Freeborn County Sheriff*,

                            Respondents.

Civil No. 26-3486 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Solomon Daniel Steen, **CONTRERAS EDIN LAW, P.A.**, 663 University Avenue West, Suite 200, St. Paul, MN 55104, for Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Jany W.G.C. is a citizen of Peru who is currently in Immigration and

Customs Enforcement ("ICE") custody in Minnesota.  On August 3, 2026, Petitioner filed

---

[1] Substitution pursuant to Fed. R. Civ. P. 25(d).

a Petition for a Writ of Habeas Corpus alleging that his continued detention violates the Fourth and Fifth Amendments of the United States Constitution, that his continued detention violates the Immigration and Nationality Act and the Administrative Procedure Act, that there was no lawful predicate to his arrest, and that he is a *Maldonado Bautista* class member[2] not subject to mandatory detention.  Because the Court concludes that Petitioner's continued detention without a bond hearing is unlawful, the Court will order a bond hearing.

## BACKGROUND

Petitioner, a citizen of Peru, entered the United States without inspection in 2010. (Pet. Writ Habeas Corpus ("Pet.") ¶ 1, Aug. 3, 2026, Docket No. 1.)  On July 29, 2026, he was detained by ICE while parked outside a Menards store in Richfield, Minnesota.  (*Id.* ¶ 3; Decl. of Randy Langworthy ("Langworthy Decl.") ¶ 5, Aug. 7, 2026, Docket No. 6.)

Respondents served an I-200 administrative arrest warrant to Petitioner on the date of his arrest.  (Langworthy Decl. ¶ 10, Ex. C.)  That same day, Respondents also initiated removal proceedings by issuing a Notice to Appear.  (*Id.* ¶ 10, Ex. B.) Supervisory Detention and Deportation Officer Randy Langworthy also attests that "[b]efore placing Petitioner under arrest, [he] determined there was probable cause to believe Petitioner was removable from the United States and that he presented a flight risk."  (Langworthy

---

[2] *See Maldonado Bautista v. Santacruz*, Civ. No. 25-1873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025); *Maldonado Bautista v. Noem*, Civ. No. 25-1873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* order is currently stayed, pending appeal.

Decl. ¶ 7.)  Langworthy also "determined that Petitioner . . . could not later be reliably located for service of a warrant."  (*Id.* ¶ 8.)  Petitioner was arrested and is presently detained at Freeborn Adult Detention Center.  (*Id.* ¶ 7.)

**DISCUSSION**

**I.      STANDARD OF REVIEW**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

**II.     ANALYSIS**

Petitioner argues that both his arrest and his continued detention without bond are unlawful on multiple different grounds.  For the reasons set forth below, the Court will grant his habeas petition in part and will order that Petitioner receive an individualized bond hearing.

**A.      Lawfulness of Arrest**

Respondents contend that Petitioner was arrested pursuant to 8 U.S.C. § 1225(b)(2), which does not provide for release on bond.  Petitioner counters that his detention is governed instead by 8 U.S.C. § 1226, which does provide for an individualized bond determination.

It appears on the record before the Court that Respondents possess authority to detain Petitioner under 8 U.S.C. §1225(b)(2), as that provision has been construed by the Eighth Circuit. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026)  However, in some prior cases, the Court has ordered the immediate release of immigrant detainees where the Court concluded: (1) the noncitizen's arrest was pursuant to an I-200 warrant, and therefore Petitioner's arrest was governed by § 1226, not §1225(b)(2); (2) the I-200 warrant was invalid because it was not issued in compliance with ICE regulations; and (3) Respondents did not comply with the requirements of 8 U.S.C. § 1357 in performing a warrantless arrest.  *See Francisco M.A.*, Civ. No. 26-2032, 2026 WL 1229701, at *2–3 (D. Minn. May 5, 2026).

The first of those two circumstances are true here.  Respondents arrested Petitioner pursuant to an I-200 warrant in this case—in doing so, Respondents "invoked the discretionary detention provisions of 8 U.S.C. § 1226," and "the Court will hold Respondents to those representations."  *Francisco M.A.*, Civ. No. 26-2032, 2026 WL 1229701 at *1 (D. Minn. May 5, 2026).  Moreover, that I-200 warrant appears to be "invalid because it . . . was either issued in the field or after Petitioner was arrested and detained." *Id.*

But the Court finds that Respondents conducted a valid warrantless arrest in this case.  8 U.S.C. § 1357(a) permits warrantless arrests only if the officer "has reason to believe that the alien . . . is in the United States in violation of any such law or regulation

- 4 -

and is likely to escape before a warrant can be obtained for his arrest." Respondents have provided a declaration from the deportation officer who authorized Petitioner's arrest attesting that he "determined there was probable cause to believe Petitioner was removable from the United States and that he presented a flight risk." (Langworthy Decl. ¶ 7.) Deportation Officer Langworthy's declaration states that he reached these conclusions based on an investigation of Petitioner's immigration history, and because "Petitioner had access to a vehicle at the time of the encounter and attempted to flee on foot after noticing ICE/ERO officers approaching." (*Id.*)

While the Court is skeptical that mere access to a vehicle gives rise to probable cause that a noncitizen is likely to flee, the record here is not "void of evidence" supporting a warrantless arrest under § 1357. *See Francisco M.A.*, 2026 WL 1229701 at *2. The Court concludes that the record contains sufficient evidence to support Respondents' contention that the ICE officers conducted a lawful warrantless arrest under 8 U.S.C. § 1357(a)(2). But because the Court will hold Respondents to their representations in the I-200 warrant, the Court concludes that Petitioner's detention is governed by 1226(a), and that Petitioner must receive a bond hearing.

### B.      Due Process

A bond hearing is also the proper remedy under the Due Process Clause. Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States.

*See Avila*, 170 F.4th at 1138 (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)).  In responding to Petitioner's procedural due process claim, Respondents argue that the Constitution does not entitle Petitioner to any additional procedural protections beyond those granted under the statute, and that § 1225(b)(2)(A) expressly authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civil No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), applies to Petitioner's due process claim.  Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Accordingly, entirely separate from the circumstances of Petitioner's arrest, the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, and the habeas petition is granted to the extent Petitioner seeks a bond hearing.

If Respondents are unable to hold a bond hearing within 7 days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jany W.G.C.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED in part**, as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing within seven days of this order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

2. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention. **Respondents are CAUTIONED that a proceeding in which bond is denied by the immigration judge for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order and therefore requires release from custody**.

3. The parties shall provide the Court with a status update concerning Petitioner's status by **no later than 12:00 noon on August 24, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 14, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                               United States District Judge